# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 4, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROSCITI CONSTRUCTION COMPANY, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 14-0398** (BOR Appeal No. 2048903)
           (Claim No. 2012038847)

**LOUISE MORAN, WIDOW OF**
**WILLIAM MORAN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rosciti Construction Company, LLC, by Jeffery B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Louise Moran, widow of William Moran, by Kelly Elswick-Hall, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 28, 2014, in which the Board modified and affirmed an October 3, 2012, Order of the Workers' Compensation Office of Judges. The Board of Review modified the Order of the Office of Judges to reflect that Edward Moran, William Moran's father, was dependent, in part, on his son's earnings but does not qualify as wholly dependent under West Virginia Code § 23-4-10(b)(2) (2010). The Board affirmed the remaining provisions of the Order of the Office of Judges. The Office of Judges reversed the claims administrator's July 6, 2012, decision to deny the application for dependent's benefits. The Order of the Office of Judges granted dependent's benefits for Louise Moran; Edward Moran, the child; and Edward Moran, the live-in father. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Moran, an employee of Rosciti Construction Company, LLC, was dispatched from Rhode Island to West Virginia to install fiber optic lines. On his first night in West Virginia at the request of his employer, he stayed at the Holiday Inn Express at Corridor G. While Mr. Moran was sleeping carbon monoxide leaked into his room and he passed away. The death certificate indicated that Mr. Moran passed away from carbon monoxide poisoning. Mr. Moran's widow, Louise Moran filed for and was granted dependent's benefits under Rhode Island's workers' compensation scheme. Mrs. Moran also filed an application for dependent's benefits under West Virginia's workers' compensation laws. Newspaper articles were introduced into the record. According to the articles, Mr. Moran was to be in West Virginia for the month of February to install fiber optic lines. The articles noted that a carbon monoxide leak occurred on the first floor of the Holiday Inn where he was staying. On July 6, 2012, the claims administrator denied Mrs. Moran's request for benefits. Ms. Moran protested.

The Office of Judges determined that Mrs. Moran was entitled to dependent's benefits related to Mr. Moran's death because it occurred in the course of and as a result of his employment. The Office of Judges found that Mr. Moran's death was certainly suffered as a result of his employment. Mr. Moran was required by his employer to be on location in Charleston, West Virginia, and as a direct result of the obligation, he was overcome by carbon monoxide. The Office of Judges then turned to the issue of whether his death was suffered in the course of his employment. Because being in Charleston and in that specific hotel room was a requirement of his employment, the Office of Judges determined that his injury was suffered in the course of his employment. The Office of Judges then determined that Ms. Moran's receipt of benefits in Rhode Island did not preclude her from applying and receiving additional benefits in West Virginia. The Office of Judges noted that pursuant to West Virginia Code § 23-2-1c(d) (2003) a dependent can receive benefits under West Virginia's workers' compensation scheme so long as the other state's benefits are credited to the amount payable under the West Virginia scheme. Rosciti Construction Company, LLC, argued that pursuant to West Virginia Code § 23-2-1c(c) Mr. Moran was a temporary employee and thus was not entitled to benefits under the West Virginia workers' compensation scheme. West Virginia Code § 23-2-1c(c) provides:

> If the employee is a resident of a state other than this State and is subject to the terms and provisions of the workers' compensation law or similar laws of a state other than this State, the employee and his or her dependents are not entitled to the benefits payable under this chapter on account of injury, disease or death in the course of and as a result of employment temporarily within this state, and the rights of the employee and his or her dependents under the laws of the other state shall be the exclusive remedy against the employer on account of any injury, disease or death.

The Office of Judges determined that West Virginia Code of State Rules § 85-8-3.17 (2008), defined what a temporary employee was under West Virginia Code § 23-2-1c(c). West Virginia Code of State Rules § 85-8-3.17, defines a temporary employee as one who works "for a period not exceeding thirty (30) calendar days within any three hundred and sixty-five (365)

2

day period." The Office of Judges was then left to determine if Mr. Moran was a temporary employee or whether he was going to be in West Virginia for more than thirty days. The Office of Judges noted that the newspaper articles indicated that the men were expected to return to Rhode Island by the end of February. The Office of Judges also noted that 2012 was a leap year and therefore February had twenty-nine days. The Office of Judges found that the clock started when Mr. Moran arrived in West Virginia, which was January 30, 2012. The Office of Judges noted that evidence indicates that the job was to take around thirty days but it was impossible from the evidence introduced to pinpoint the exact time the crew left in West Virginia. The Office of Judges noted that this information was readily available to the employer but was never introduced into the record. Because Mr. Moran was in West Virginia for two days in January and was scheduled to be there for the twenty-nine days in February, the Office of Judges determined that he surpassed the thirty-day standard. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. However, the Board of Review modified the Office of Judges' Order to reflect that Mr. Moran's father was not wholly but partially dependent on his son.

We agree with the decision of the Board of Review. Ms. Moran is entitled to dependent's benefits because her husband died in the course of and as a result of his employment. Mr. Moran's case did not fall into any category in which benefits would be excluded. Mr. Moran was very close to not meeting the thirty day mark, but the evidence indicates that he was going to be scheduled to work in West Virginia for more than thirty days. He arrived January 30, 2012 and passed away January 31, 2012. He was scheduled to stay in West Virginia until the last day of February. Because February of 2012 contained twenty-nine days due to it being a leap year, the evidence indicates that Mr. Moran was to be in West Virginia more than thirty days. Rosciti Construction Company, LLC, has not introduced evidence demonstrating the crew Mr. Moran worked with was scheduled to be in the state for thirty days or less. The weight of the evidence establishes that Mr. Moran was not temporarily employed within this State under West Virginia Code § 23-2-1(c). As a result, it was not in error to grant Mrs. Moran's request for dependent's benefits. The Board of Review was also correct when it found Mr. Moran's father to only be partially dependent as opposed to wholly dependent on his son. The evidence establishes that Mr. Moran's father receives $1,500 per month in Social Security benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum